# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

AHPC SOCIAL TALLAHASSEE, LLC,

      Plaintiff,

v.                                  Case No.  4:25-cv-383-MW/MJF

NADIA PATTERSON,

      Defendant.

_____/

## **REPORT AND RECOMMENDATION**

This civil action originated in the County Court of Leon County Court, Florida Civil Division, Case No. 2025 CC 003933. On September 11, 2025, Defendant Nadia Patterson proceeding *pro se*, filed a notice of removal pursuant to 28 U.S.C. § 1441(a). Doc. 1. Because the District Court does not have subject-matter jurisdiction over this case, the District Court should remand this civil action to the State court from which Defendant attempts to remove it.

## BACKGROUND

On September 5, 2025, Plaintiff AHPC Social Tallahassee, LLC commenced an eviction proceeding against Defendant by filing a civil complaint in the County Court of Leon County, Florida. Doc. 1-1. Additionally, Plaintiff sought to recover $5,861.00 from Defendant for breach of the rental agreement. *Id.* On September 11, 2025, Defendant filed a notice of removal and stated that removal is proper because "Defendant asserts federal defenses and counterclaims." Doc. 1 at 1.

## DISCUSSION

Federal courts are courts of limited jurisdiction, and they possess only the power authorized by the Constitution and Congress. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside" a federal court's "limited jurisdiction . . . ." *Kokkonen*, 511 U.S. at 377. In cases removed from a state court, the "burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005) (quotation marks omitted); *Kirkland v. Midland*

*Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001); *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). Courts construe removal jurisdiction narrowly and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000); *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

The general removal statute, 28 U.S.C. § 1441, provides in relevant part:

> any civil action brought in a State court of which the district courts of the United States *have original jurisdiction*, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added). In other words, "any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court." *Tapscoot v. MS Dealer Serv. Corp.* 77 F.3d 1353, 1356 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

Here, Defendant asserts that this court has subject-matter jurisdiction under 28 U.S.C. § 1331 only by virtue of the federal questions presented by her *defenses and counterclaims*.[1] Doc. 1 at 1.

Section 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under this provision, "jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the *plaintiff's properly pleaded complaint*." *Caterpillar Inc. v.*

---

[1] Defendant does not assert that the District Court enjoys subject-matter jurisdiction under 28 U.S.C. § 1332. Even if she had so alleged, it is evident from the record that the requirements of diversity-of-citizenship would not be met. Plaintiff seeks only $5,861 in damages, which is far below the jurisdictional threshold. 28 U.S.C. § 1332 (requiring the jurisdictional amount to exceed $75,000).

*Williams*, 482 U.S. 386, 392 (1987) (emphasis added); *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936).

Here, Plaintiff's claims rely exclusively on Florida law. Doc. 1-1. Plaintiff initiated eviction proceedings and also seeks damages for breach of a rental agreement. *Id.* Defendant does not dispute that these claims are governed by Florida law and not by federal law. Instead, Defendant attempts to rely on her *counterclaims and defenses* to manufacture federal-question jurisdiction. Defendant cannot do so. Federal-question jurisdiction cannot be based merely on a defense or counterclaim that a defendant seeks to assert. *Caterpillar*, 482 U.S. at 393 ("a case may *not* be removed to federal court on the basis of a federal defense"); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("It follows that a counterclaim . . . cannot serve as the basis for 'arising under' jurisdiction."); *Stern v. Int'l Bus. Machines Corp.*, 326 F.3d 1367, 1370 (11th Cir. 2003) ("A federal defense to a state law claim generally is insufficient to satisfy the requirements of 28 U.S.C. § 1331."). Accordingly, the District Court lacks subject-matter jurisdiction and

must remand this civil action to the Florida court from which Defendant attempted to remove it.

CONCLUSION

Because the District Court lacks subject-matter jurisdiction over this civil action, the undersigned respectfully recommends that the District Court:

1. **REMAND** this civil action to the Florida court from which Defendant attempts to remove it.

2. **DIRECT** the clerk of the court close this case file.

At Pensacola, Florida, this <u>12th</u> day of September, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

<u>**NOTICE TO THE PARTIES**</u>

**The District Court referred this case to a magistrate judge to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's</u>**

**internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**